AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
EDRIK MEHRABI (SBN 299120)
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101
Ph.:    (626) 449-4944
Fax:    (626) 628-1722
Email: George@azadianlawgroup.com

Attorneys for Plaintiff,
   PAUL LANSANG and the Proposed Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LANSANG, on behalf of himself and all others similarly situated,<br><br>                                   Plaintiff,<br><br>        v.<br><br>CARDTRONICS USA, INC. a corporation; and U.S. BANCORP, a corporation,<br><br>                                   Defendants. | CASE NO.  15-cv-6139<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br>1. **ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ. AND 12 C.F.R. 205, ET SEQ.**<br>2. **FALSE ADVERTISING LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, ET SEQ.**<br>3. **UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**<br>4. **UNJUST ENRICHMENT**<br>5. **FRAUD, DECEIT, AND/OR MISREPRESENTATION**<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiff Paul Lansang ("Plaintiff") alleges as follows on knowledge as to himself and his own acts/interactions, and on information and belief as to all other matters:

## INTRODUCTION AND NATURE OF ACTION

1.      This action arises from Defendant Cardtronics' repeated  violations  of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "Act") and Regulation E, 12 C.F.R. 205, *et seq.* (together with  the  Act, the "EFTA").  Under the EFTA, no fee may be imposed by an Automated Teller Machine ("ATM") operator in connection with any electronic fund transfer initiated by a consumer for which a fee notice is required unless the consumer receives  such notice in accordance with the EFTA.  See 15 U.S.C. § 1693b(d)(3)(C); see also 12 C.F.R. 205.16(e).  Defendant Cardtronics discloses on its ATM screens that "MoneyPass Cardholders, Please Proceed Without a Fee."  Plaintiff is a MoneyPass cardholder but was nevertheless repeatedly charged fees for use of Defendant Cardtronics' ATMs.

2.      In addition, this action arises out of false and deceptive advertising by Defendant U.S. Bancorp, which operates the "MoneyPass" network of ATMs and falsely advertises that use of such ATMs is free of charge when, in reality, consumers are charged an undisclosed fee.

## JURISDICTION & VENUE

3.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims for violations of 15 U.S.C. § 1693, *et seq.*

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant transacts business in this District and a substantial part of the events giving rise to the above-captioned action occurred in this District.

**CLASS ACTION COMPLAINT FOR DAMAGES**

**PARTIES**

5.     Plaintiff, at all times relevant hereto, is and has been a resident of the State of California and is and is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

6.     Defendant Cardtronics USA, Inc. ("Defendant Cardtronics"), at all times relevant hereto, is and has been a Delaware corporation with its principal place of business in Texas.

7.     Defendant U.S. Bancorp ("Defendant U.S. Bancorp"), at all times relevant hereto, is and has been a Delaware corporation with its principal place of business in Minnesota.

8.     Defendant Cardtronics and Defendant U.S. Bancorp are collectively referred to as "Defendants."

**FACTUAL ALLEGATIONS**

9.     Plaintiff is informed that Defendant U.S. Bancorp owns and operates "MoneyPass," which is a network of supposedly "surcharge-free ATMs."

10.     On numerous websites (including https://www.usbank.com/locations/ and http://www.moneypass.com/) consumers are promised that the use of MoneyPass ATMs for MoneyPass cardholders is free of charge.  (Screenshots of the referenced websites are attached hereto as Exhibit 1.)

11.     Plaintiff saw and relied on these advertisements and located MoneyPass ATMs to make supposedly free withdrawals.

12.     Plaintiff is a MoneyPass cardholder.  (A picture of the ATM card used by Plaintiff showing the MoneyPass logo is attached hereto as Exhibit 2.)

13.     Thereafter, in July of 2015, Plaintiff withdrew money from the ATM located inside the Walgreens' locations at 5829 Lakewood Blvd, Lakewood, CA 90712 and 14885 Telegraph Rd., La Mirada, CA 90638.

**CLASS ACTION COMPLAINT FOR DAMAGES**

14.     The disclosure on the ATM screen stated:  "MoneyPass Cardholders, Please Proceed Without a Fee."  (A picture of the ATM screen with this disclosure is attached hereto as Exhibit 3.)

15.     Plaintiff incurred an undisclosed charge of $2.50 for use of the ATM, which was disclosed and advertised to be free of charge to MoneyPass cardholders like Plaintiff.  (A screenshot showing one of the charges incurred by Plaintiff is attached hereto as Exhibit 4.)

16.     The ATM screen notes that the owner of the terminal is "WSILC."

17.     Plaintiff is informed and believes that WSILC does business as Welch ATM.  (Attached as Exhibit 5 is the results from a search on the Illinois Secretary of State website showing WSILC's "assumed name" as "Welch ATM.")

18.     Plaintiff is informed and believes that WSILC was acquired by Defendant Cardtronics and operates as a single entity.  (A statement regarding the completed acquisition of WSILC by Defendant Cardtronics is located on Defendant Cardtronics' website and attached hereto as Exhibit 6.)

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, referred to as the "**EFTA Class**", as follows:

All persons within the United States who are MoneyPass cardholders and who, within one year prior to the filing of this Complaint, were charged a fee for use of an ATM that is part of the MoneyPass ATM network.

20.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, referred to as the "**California Class**", as follows:

All persons within California who are MoneyPass cardholders and who, within four years prior to the filing of this Complaint, were charged a fee for use of an ATM that is part of the MoneyPass ATM network.

**CLASS ACTION COMPLAINT FOR DAMAGES**

21.     Defendants, their employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury and/or emotional distress are excluded from the classes.  Plaintiff reserves the right to expand or narrow the class definitions as warranted after additional facts are learned through further investigation and discovery.

22.     Plaintiff does not know the number of members in the EFTA Class or California Class but believes based on the number of MoneyPass cardholders that the number is in the hundreds, if not substantially higher.  Thus, joinder of all class members is impractical due to the size and relatively small value of each member's claim.

23.     The members of the EFTA Class and California Class each share well defined, nearly identical, questions of law and fact, which predominate over questions that may affect individual members of the classes.  These common questions of law and fact include:

   a.  Whether, during the relevant statutory period, Defendant Cardtronics was an ATM operator;

   b.  Whether, during the relevant statutory period, Defendant Cardtronics falsely disclosed that MoneyPass cardholder would not incur a fee for use of ATMs that are part of the MoneyPass ATM network;

   c.  Whether, during the relevant statutory period, class members incurred an undisclosed fee for use of ATMs that are part of the MoneyPass ATM network;

   d.  Whether Defendant Cardtronics' conduct violates 15 U.S.C. § 1693, *et seq.*, and Regulation E, 12 C.F.R. 205, *et seq.*;

   e.  Whether, during the relevant statutory period, Defendant U.S. Bancorp falsely advertised that MoneyPass cardholders could use ATMs part of the MoneyPass network free of charge;

**CLASS ACTION COMPLAINT FOR DAMAGES**

f.   Whether Defendant U.S. Bancorp's conduct was unlawful under the California False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.*;

g.   Whether Defendant U.S. Bancorp's conduct constitutes deceptive, unfair and/or oppressive conduct as defined under the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*;

h.   Whether Defendant Cardtronics was unjustly enriched by charging an undisclosed fee at the expense of Plaintiff and other class members;

i.   Whether Defendant U.S. Bancorp was unjustly enriched by charging an undisclosed fee at the expense of Plaintiff and other class members;

j.   Whether Plaintiff and other class members have been damaged, and if so, in what amount; and

k.   Whether Plaintiff and other class members are entitled to restitution of all monies acquired by Defendant for undisclosed ATM fees.

24.   Members of the EFTA Class and California Class are ascertainable and can be identified through Defendants' records.

25.   As a person who was promised that use of the ATM would be free of charge and who incurred a fee for use of the ATM, Plaintiff is asserting claims that are typical of the other members of the classes.

26.   Plaintiff will fairly and adequately represent and protect the interests of the classes in that Plaintiff has no interests antagonistic to any member of the classes.

27.   Plaintiff and the members of the classes have all suffered harm as a result of Defendants' unlawful and wrongful conduct.  Because of the small size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

**CLASS ACTION COMPLAINT FOR DAMAGES**

28. Plaintiff has retained counsel experienced in litigating class action claims and consumer protection laws.

29. A class action is a superior method for the fair and efficient adjudication of this controversy.

30. Defendants have acted on grounds generally applicable to the classes and evidence of Defendants' violations can be determined on a class-wide basis.

## FIRST CLAIM

## VIOLATIONS OF THE EFTA

## (BY PLAINTIFF AND THE EFTA CLASS AGAINST DEFENDANT CARDTRONICS)

31. Plaintiff incorporates by reference all preceding paragraphs.

32. 15 U.S.C. § 1693b(d)(3)(A) provides that any ATM operator who imposes a fee on any consumer for providing host transfer services must provide a notice stating: "(i) The fact that a fee is imposed by such operator for providing the service; and (ii) The amount of any such fee."

33. In addition, 15 U.S.C. § 1693b(d)(3)(c) provides: "No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless: (i) The consumer receives such notice in accordance with subparagraph (B); and (ii) The consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

34. 12 C.F.R. § 205.16(b) provides: "An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall: (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and (2) Disclose the amount of the fee."

**CLASS ACTION COMPLAINT FOR DAMAGES**

35.     In addition, 12 C.F.R. 205.16(e) states: "An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer of a balance inquiry only if: (1) The consumer is provided the notices required under paragraph (c) of this section; and (2) The consumer elects to continue the transaction or inquiry after receiving such notices."

36.     Defendant Cardtronics is an automated teller machine operator who provided host transfer services at all times relevant to this action.

37.     Defendant Cardtronics failed to comply with the EFTA in connection with providing such services to Plaintiff and the other members of the EFTA Class due to failing to provide an accurate fee notice as alleged herein.

38.     Plaintiff and the other members of the EFTA Class have suffered damages as a result of Defendant Cardtronics' violations of the EFTA in that they were charged a fee that was not properly disclosed.

39.     Pursuant to 15 U.S.C. § 1693m, Defendant Cardtronics is liable to Plaintiff and the other members of the Classes for the amount of actual damages incurred, as well as for statutory damages, reasonable attorney's fees, and the costs of this action.

## SECOND CLAIM

### VIOLATIONS OF FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, ET SEQ.

### (BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST DEFENDANT U.S. BANCORP)

40.     Plaintiff incorporates by reference all preceding paragraphs.

41.     California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations (including over the Internet), which is untrue or misleading.

42.     As alleged above, Defendant U.S. Bancorp advertised that use of ATMs that are part of the MoneyPass network is free of charge to MoneyPass cardholders.  In direct contradiction to these advertisements, Plaintiff and other members of the California Class incurred a charge related to use of ATMs that are part of the MoneyPass network.

43.     As a result of the foregoing, Plaintiff and other members of the California Class are entitled to injunctive and equitable relief and damages in an amount to be proven at trial.

## THIRD CLAIM

## VIOLATIONS OF UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

## (BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

44.     Plaintiff incorporates by reference all preceding paragraphs.

45.     Business and Professions Code § 17200, *et seq.* ("UCL"), defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business practice.

46.     Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and fraudulent to Plaintiff, members of the California Class, and to Defendants' competitors.

47.     The actions alleged herein by Defendants were "unfair" under the UCL based on charging unassuming consumers for use of ATMs that are part of the MoneyPass network, despite specifically promising that use of such ATMs is free of charge.

48.     The actions alleged herein by Defendants were "unlawful" under the UCL based on the violations of each of the statutes alleged herein.

**CLASS ACTION COMPLAINT FOR DAMAGES**

49.     The actions alleged herein by Defendants were "fraudulent" because reasonable and ordinary consumers were and continue to be deceived by being charged for use of MoneyPass ATMs.

50.     Plaintiff and members of the California Class have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money.

51.     Pursuant to California Business & Professions Code § 17200, *et seq.*, Plaintiff and members of the California Class are entitled to restitution of monies paid to Defendants for any charge related to use of such ATMs.

## FOURTH CLAIM

## UNJUST ENRICHMENT

## (BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

52.     Plaintiff incorporates by reference all preceding paragraphs.

53.     Through the actions described above, Defendants have received a benefit at the expense of Plaintiff and other members of the California Class in the form of money for undisclosed ATM fees.

54.     As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched at the expense of Plaintiff and other members of the California Class.

55.     Under principles of equity and good conscience, Defendants should not be permitted to keep the amount of money belonging to Plaintiff and other members of the California Class.

56.     Plaintiff and other members of the California Class are entitled to restitution of monies paid to Defendants for undisclosed ATM fees.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## FIFTH CLAIM

## FRAUD, DECEIT, AND/OR MISREPRESENTATION

## (BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

57.     Plaintiff incorporates by reference all preceding paragraphs.

58.     As alleged herein, Defendants made identical misrepresentations to Plaintiff and other members of the California Class that use of its ATMs was free of charge.

59.     Plaintiff and other members of the California Class relied to their detriment on Defendants' misrepresentations.

60.     Had Plaintiff other members of the California Class been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not using the ATMs where a fee was charged.

61.     Plaintiff is informed and believes that by and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and other members of the California Class to alter their position to their detriment.

62.     Plaintiff and other members of the California Class are entitled to restitution of monies paid to Defendants for undisclosed ATM fees.

## JURY TRIAL DEMANDED

63.     Plaintiff demands a jury as to all claims.

## PRAYER FOR RELIEF

64.     WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the members of the classes the following relief against Defendants:

a.      An Order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed classes and appointing Plaintiff's undersigned counsel of record to represent the classes;

-10-

**CLASS ACTION COMPLAINT FOR DAMAGES**

b.      That the Court declare, and adjudge that Defendant Cardtronics

violated 15 U.S.C. § 1693, *et seq.*, and Regulation E, 12 C.F.R. 205, *et seq.*;

c.      That the Court declare, and adjudge that Defendants

violated California Business and Professions Code § 17200, *et seq.*;

d.      That the Court declare, and adjudge that Defendant U.S. Bancorp

violated California Business and Professions Code § 17500, *et seq.*;

e.      For restitution to Plaintiff and all members of the classes;

f.      For an injunction prohibiting Defendant U.S. Bancorp from

advertising that use of its ATMs is free of charge to MoneyPass cardholders;

g.      For punitive damages where allowed by law;

h.      For attorneys' fees where allowed by law;

i.      For costs of suit incurred herein; and

j.      For such other and further relief as this Court deems just and proper.


Dated: August 13, 2015                    Respectfully submitted,

                                          AZADIAN LAW GROUP, PC

                                          By: /s/ George S. Azadian
                                          _____
                                          George S. Azadian
                                          Attorneys for Plaintiff PAUL LANSANG and the
                                          Proposed Classes

-11-

**CLASS ACTION COMPLAINT FOR DAMAGES**